(December 10, 2015)

■ In the Matter of JASON OLIVERO, Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Appellants. [21 NYS3d 73]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered March 28, 2014, which granted the petition brought pursuant to CPLR article 78 to annul a determination of respondent New York City Department of Housing Preservation and Development (HPD), dated June 13, 2013, denying petitioner's application for succession rights to a Mitchell-Lama apartment, and remanded the matter to HPD for a determination of petitioner's succession rights in light of his property interest in another Mitchell-Lama apartment, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

Supreme Court incorrectly found that there was no rational basis for HPD's determination that petitioner failed to establish that there was "emotional and financial commitment and interdependence between [himself] and the tenant/cooperator" who had permanently vacated the subject apartment (see 28 RCNY 3-02 [p] [2] [ii] [B] [a], [b], [c], [d], [f], [g]). While there is record evidence that would support finding a family-like (nephew) relationship between petitioner and the tenant/cooperator, it is susceptible to alternative interpretations. On the one hand, the parties had a long relationship, first as neighbors and then as co-residents. During that time, they regularly participated in family activities together, held themselves out as family members, and cared for each other, especially as the tenant/cooperator's health deteriorated. On the other hand, the evidence regarding the intermingling of finances, sharing of household expenses, and formalizing of legal obligations was wanting. While no single factor is determinative, it cannot be said that the hearing officer's conclusion that petitioner was not a family member lacked a rational basis.

To the extent Supreme Court determined that the income affidavits (typically used to establish primary residency and duration of residency) "provide[d] a rational basis for a determination of emotional and financial commitment and interdependence," it should not have substituted its own judgment for that of the hearing officer, even if its "contrary determination [was] itself supported by the record" (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196 [2002]).

Given that there was a rational basis for the conclusion that petitioner failed to establish family member status, we need not address his other remaining contentions, including whether there was a rational basis for the hearing officer's findings regarding primary residency and the duration of his co-

residency with the tenant/cooperator of record. Concur—Gonzalez, P.J., Sweeny, Renwick and Feinman, JJ.