Matter of Wright v Carroll (2021 NY Slip Op 02089)





Matter of Wright v Carroll


2021 NY Slip Op 02089


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 451789/19 Appeal No. 13483 Case No. 2020-04337 

[*1]In the Matter of Janet Wright, et al., Petitioners-Appellants,
v
Louise Carroll, etc., et al., Respondents-Respondents. 


Sullivan & Cromwell LLP, New York (Alyssa K. Perry of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Mackenzie Fillow of counsel), for Municipal respondent.
Hertz, Cherson & Rosenthal, P.C., Queens (David Troupp of counsel), for Riverbend Housing Co. Inc., respondent.



Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered February 28, 2020, denying the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), dated May 30, 2019, which denied petitioners succession rights to the subject apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD's determination that petitioners failed to establish entitlement to succeed to the decedent's rent-controlled apartment tenancy as nontraditional family members is supported by a rational basis, and is not arbitrary and capricious (see generally Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]). Although petitioners clearly shared a close relationship with the decedent, they failed to demonstrate a shared financial commitment and interdependence, as required by HPD regulations (28 RCNY 3-02[p][2][ii][B]; see e.g. Matter of Olivero v New York City Dept. of Hous. Preserv. & Dev., 134 AD3d 481, 482 [1st Dept 2015]). While petitioners averred that the household expenses were paid for in exchange for their caretaking services, they failed to submit any evidence to support this claim, such as statements from a shared bank account or credit card (compare Matter of Blue Star Props., Inc. v New York State Div. of Hous. & Community Renewal, 133 AD3d 461 [1st Dept 2015]). Furthermore, there is no indication that petitioners had powers of attorney or were designated as the decedent's health care proxy, or that they were named as beneficiaries in his will (see e.g. 390 W. End Assoc. v Wildfoerster, 241 AD2d 402 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021